NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BILLIE O. STONE, DBA STOBIL ENTERPRISE,**
*Appellant*

**v.**

**SECRETARY OF THE AIR FORCE,**
*Appellee*

_____

2020-1233

_____

Appeal from the Armed Services Board of Contract Appeals in Nos. 61688, 61689, Administrative Judge Richard Shackleford.

_____

Decided: October 19, 2021

_____

BILLIE O. STONE, San Antonio, TX, pro se.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

_____

Before NEWMAN, LOURIE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Billie O. Stone appeals from the decision of the Armed Services Board of Contract Appeals ("the Board") denying his monetary claim against the Department of the Air Force. *Appeals of Stobil Enter.*, Nos. 61688, 61689, 2019 ASBCA LEXIS 19 (Jan. 18, 2019) ("*Decision*"). Stone's claim against the Air Force stems from a dispute over a contract for the removal and replacement of a door. For the following reasons, we *dismiss* the appeal for lack of jurisdiction.

## BACKGROUND

Stone d/b/a/ Stobil Enterprise specializes in door installations. In January 2018, the Air Force submitted a Request for Quotation (RFQ) for the removal and replacement of a door. SAppx 14.[1] The RFQ's Statement of Work (SOW) stated in relevant part:

> **PROJECT SCOPE:** The contractor shall furnish all supervision, labor, transportation[,] materials, tools, incidentals, equipment, and Quality Assurance to remove existing Overhead Door and install new Overhead Door, hardware, and electric motors. . . .

> **PROJECT DESCRIPTION**: The requirements of this project are but not limited to the following: Remove one (1) each steel overhead door and replace with new 25' by 21' heavy duty rolling overhead door with electric operators.

*Id.* at 30.

---

[1] "SAppx" refers to the appendix attached to the government's response brief.

Stone submitted a quote in response to the RFQ. Subsequently, the Air Force awarded Stone the contract. *Id.* at 20.

After inspecting the door, Stone sent an email to the Air Force contract specialist informing her that the drum, which assists in the door's electrical operation, was damaged. *Id.* at 23. He wrote that he could replace the drum, but that it would add an additional cost to the existing contract. *Id.* The contract specialist responded that, under the SOW, Stone would need to replace the drum at no additional cost. *Id.* at 24. She pointed out that the SOW required removal and replacement of the door and a drum is "part of the electrical operation" of the door. *Id.*

Stone disagreed and submitted a claim to the contracting officer for $126,000. *Id.* at 28. The claim encompassed, among other things, costs for purchase of materials and "harm; undue hardship; and loss of credit standing with the [m]anufacturer for nonpayment of the supplied materials procured for the Government's requirement." *Id.* The contracting officer denied Stone's claim. *Id.* at 38. Shortly thereafter, the Air Force terminated its contract with Stone because he failed to complete the task by the required date. *Id.* at 39.

Stone appealed to the Board pursuant to the Small Claims Procedure. 41 U.S.C. § 7106(b). The Board sustained the contracting officer's denial of Stone's monetary claim and termination of the contract. *See Decision*, 2019 ASBCA LEXIS 19, at *10–12. According to the Board, per the SOW, Stone should have replaced the drum at no additional cost. The Board acknowledged that the drum was not mentioned in the contract, but credited the government's argument that it was industry practice to replace the drum when replacing the door. *Id.* The Board also denied Stone's motion for reconsideration. *Appeals of Stobil Enter.*, Nos. 61688, 61689, 2019 ASBCA LEXIS 211, at *7 (July 23, 2019).

DISCUSSION

Our jurisdiction to review decisions of the Board is limited. The Contract Disputes Act defines this court's jurisdiction to entertain appeals from Board decisions adjudicated pursuant to the Small Claims Procedure. It provides that such decisions are "final and conclusive and may not be set aside except in cases of fraud." 41 U.S.C. § 7106(b)(4); see also § 7107. To invoke this court's jurisdiction to review the Board's decision, an appellant must make a "non-frivolous allegation of fraud in the board proceedings." *Palmer v. Barram*, 184 F.3d 1373, 1380 (Fed. Cir. 1999).

Stone alleges that the Board acted fraudulently in making its decision. According to Stone, the Board "violat[ed] . . . federal statute[s]" and "failed to execute proper review." Appellant's Br. 11, 13. The government responds that we lack jurisdiction over Stone's appeal because he has failed to non-frivolously allege fraud. Specifically, the government contends that Stone's fraud allegations are conclusory and unsupported.

We agree with the government that we lack jurisdiction over this appeal. Although Stone makes general allegations that the Board acted fraudulently in reaching its decision, he provides no specific evidence in support of those allegations. For example, Stone states that the Board "suppressed" evidence, but he provides no such examples. Appellant's Br. 19. He also asserts that the Board misrepresented facts and was therefore deceptive, but again, he offers no actual evidence of deception. *See id.* at 14. At bottom, Stone's arguments amount to a disagreement with the Board's determination. Because Stone has failed to make a non-frivolous allegation of fraud, we do not have jurisdiction to review this appeal.

CONCLUSION

We have considered Stone's remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* the appeal.[2]

**DISMISSED**

---

[2]    Stone filed a motion for supplemental briefing, which we granted on March 29, 2021. ECF No. 35. Subsequently, Stone filed another motion, requesting that we vacate the March 29, 2021 order allowing the briefing. ECF No. 36. We deny Stone's request.